UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMASINA LANE<br>on behalf of herself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   C. A. No. 02-CV-2997<br>)<br>)<br>)<br>)<br>)<br>)   Class Action<br>) |

## ORDER

AND NOW, upon consideration of Plaintiff's Motion for Class Certification (the "Motion"), and Defendant's response thereto,

IT IS, this ____ day of _____, 2002, HEREBY ORDERED that the Motion is GRANTED. This action shall be maintained as a class action in accordance with Federal Rule of Civil Procedure 23(b)(2) and (b)(3) pursuant to the following findings of fact:

1. The "Class," defined as all persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of the Complaint, defendant sent letters or other communications substantially in the form of the letters attached to the Complaint in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service, is so numerous that joinder of all members is impracticable;

2. There are questions of law and/or fact common to the Class, including but not limited to the principal question whether defendant violated the federal Fair Debt Collections

Practices Act by mailing the letters or written communications substantially in the form of the letters to the consumers during the applicable time period;

   3.   The claims of Plaintiff Thomasina Lane are typical of the claims of the Class;

   4.   Plaintiff will fairly and adequately protect the interests of the Class;

   5.   Defendant has acted or refused to act on grounds generally applicable to the Class;

   6.   The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members;

   7.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy; and it is further

   ORDERED, that Plaintiff Thomasina Lane is certified as Class representative; and it is further

   ORDERED, that excluded from the Class are all officers and directors of the Defendant; and it is further

   ORDERED, that the firms of Francis & Mailman, P.C. and Donovan Searles, LLC shall serve as Class Counsel; and it is further

   ORDERED, that Plaintiff shall submit a proposed form of notice to the Class within thirty (30) days of entry of this Order.


                                          _____
                                          Honorable Clifford Scott Green

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMASINA LANE** on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 02-CV-2997 |
| vs. | ) ) | |
| **NCO FINANCIAL SYSTEMS, INC.** | ) ) | |
| Defendant. | ) ) | Class Action |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by counsel, hereby moves this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify this action as a class action and plaintiff Thomasina Lane as class representative. Plaintiff seeks certification of a class of all persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of the Complaint, defendant sent letters or other communications substantially in the form of the letters attached to the Complaint in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

Excluded from the Class are all officers and directors of the Defendant.

                                                    Respectfully submitted,

                                                    **DONOVAN SEARLES, LLC**

Dated: August 1, 2002

                                    By: _____
                                                David A. Searles
                                                1845 Walnut Street, Suite 1100
                                                Philadelphia, PA  19103
                                                (215) 732-6067

                                                **FRANCIS & MAILMAN, P.C.**
                                                James A Francis
                                                Mark D. Mailman
                                                Land Title Building, 19th Floor
                                                100 South Broad Street
                                                Philadelphia, PA 19110
                                                (215) 735-8600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMASINA LANE<br>on behalf of herself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>        Defendant. | C. A. No. 02-CV-2997<br><br><br><br>Class Action |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I.     PRELIMINARY STATEMENT**

**A.     Background and Nature of the Case**

Plaintiff, by counsel, respectfully submits this memorandum in support of her Motion for Class Certification pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, seeking certification of this action as a class action and Plaintiff Thomasina Lane as class representative.

This case is a consumer class action brought by a resident of the State of Pennsylvania on behalf of consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). This law prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**B.     Procedural History**

Plaintiff filed a Class Action Complaint in this case on May 20, 2002 (the "Complaint"). Defendant filed an Answer to the Complaint on July 19, 2002. On July 30, 2002, the Court

entered a Pretrial Order requiring that all discovery be completed by November 1, 2002 and that the case be placed in the trial pool on December 1, 2002. Plaintiff now files the within motion in accordance with the requirement of Local Rule 23.1(c) that a plaintiff move for class certification within ninety days after the filing of a complaint in a class action.

**C.**   **The Class**

As set forth in the Complaint, Plaintiff seeks certification of a class of all persons in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of the Complaint, defendant sent letters or other communications substantially in the form of the letters attached to the Complaint in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service. Excluded from the Class are all officers and directors of the Defendant.

## II.   FACTS

Plaintiff Thomasina Lane is an adult individual residing at 3912 N. 16th Street, Philadelphia, PA 19140. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 515 Pennsylvania Avenue, Fort Washington, Pennsylvania 19034. The principal purpose of NCO is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

NCO was hired by Bank One to collect a debt relating to consumer purchases that were allegedly originally owed to Bank One. The debt at issue arose out of alleged transactions which were primarily for personal, family or household purposes.

On or about November 6, 2001, NCO wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (the "November Letter") which attempted to coerce Plaintiff into paying the alleged debt. The November Letter, *inter alia*, stated the following:

BALANCE PAST DUE: $7381.11

***SETTLEMENT OFFER***

We have been authorized by the above referenced client to accept $3690.55 as a lump sum of the above amount so long as payment is received within 30 days of the date of this letter.

Make your check or money order payable to our client and forward to the address listed below.

A true and correct copy of the November Letter is attached to the Complaint as Exhibit A.

Thereafter, on or about February 10, 2002, NCO wrote and sent to Plaintiff by U.S. mail another collection or "dunning" letter (the "February Letter") which attempted to coerce Plaintiff into paying the alleged debt. The February Letter, *inter alia*, stated the following:

BALANCE PAST DUE: $7504.87

Dear THOMASINA LANE:

Please contact us to take advantage of an offer to settle the above amount.
You can pay 50% of the above balance in up to 6 monthly payments.
Please call us within 30 days of the date of this letter to make arrangements.

A true and correct copy of the February Letter is attached to the Complaint as Exhibit B. (The November Letter and the February Letter, together, the "Letters").

The Complaint alleges that the Letters were false, deceptive, misleading and unfair within the meaning of the FDCPA in that NCO threatened to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the alleged debt. The Complaint alleges that the

3

least sophisticated consumer[1] would interpret the November Letter to mean that if payment of the "Settlement Offer" was not sent to NCO by the strict and limited 30 day period allotted, the "Settlement Offer" would permanently expire and future payment of the offered amount would not satisfy the alleged debt. Defendant, however, never intended to take such action, as evidenced by the fact that Defendant sent the February Letter after the expiration of 30 days from the November Letter and offered to settle the alleged debt under the same if not better terms as offered in the November Letter.

The Complaint alleges that at all times, the Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the defendant herein, and that the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff.

The relief sought in the Complaint includes actual, statutory and treble damages, reasonable attorney fees and costs. 15 U.S.C. § 1692k(a).

### III.   ARGUMENT

**A.   General Legal Standards Governing Class Certification**

The Supreme Court has noted that "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Barnard*, 452 U.S. 89, 99 (1981). "Rule 23 is designed to assure that courts will identify the common interests of class members and evaluate the named plaintiff's and counsel's ability to fairly and adequately protect class interests." *In re Prudential*

---

[1] Whether a debt collection practice is deceptive is an issue resolved by a jury with reference to an objective "least sophisticated consumer" standard. *Dutton v. Wolpoff and Abramson*, 5 F.3d 649, 657 (3d Cir. 1992), *citing Graziano v. Harrison, Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

4

*Insurance Company America Sales Practice Litigation*, 148 F.3d 283, 308 (3d. Cir. 1998) (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 799 (3d Cir. 1995), *cert. denied*, 116 S.Ct. 88 (1995). For a suit to be maintained as a class action under Rule 23, Plaintiff must allege facts establishing each of the four threshold requirements of subsection (a) of the Rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*See Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 246 (3d Cir.), *cert. denied*, 421 U.S.1011 (1975).

Plaintiff must also allege that this action qualifies for class treatment under at least one of the subdivisions of Rule 23(b). Under Rule 23(b)(2), a class action will be appropriate where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Under Rule 23(b)(3), a class action will be appropriate where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Plaintiff bears the initial burden of advancing reasons why a putative class action meets the requirements of Rule 23. However, Plaintiff's burden is not a heavy one. *See Piel v. National Semiconductor Corp.*, 86 F.R.D. 357, 368 (E.D. Pa. 1980). Once a plaintiff has demonstrated a preliminary legal showing that the requirements of Rule 23 have been met, the

5

burden of proof is upon the defendant to demonstrate otherwise. 2 H. Newberg, *Newberg on Class Actions* (3d ed. 1992) ("Newberg") §7.22 at 7-74 to 7-75. The Third Circuit has long recognized and adopted a liberal construction of Rule 23. *See, e.g., Kahan v. Rosenstiel*, 424 F.2d 161 (3d Cir.) *cert. denied*, 398 U.S. 950 (1970) ("The interests of justice require that in a doubtful case … any error, if there is to be one, should be committed in favor of allowing the class action."); *Spark v. MBNA Corporation*, 178 F.R.D. 431 (D. Del. 1998).

The determinations called for by Rule 23 are questions addressed to the sound discretion of the district court. A decision to grant class certification is not a final order; it may be altered or amended as the case progresses towards resolution on the merits. Fed .R. Civ. P. 23(c)(1). In determining whether an action may be maintained as a class action, the court is not to conduct an exploration of the merits when deciding upon certification of a class. *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-78 (1974); *Kahan*, 424 F.2d at 168; *Williams v. Empire Funding Corp.,* 183 F.R.D. 428 (E.D. Pa. 1998); *Spark v. MBNA Corporation, supra*. Moreover, since class determination is made at the pleading stage of the action, the substantive allegations in the complaint are accepted as true for purposes of the class motion. *Eisen,* 417 U.S. at 177; *Williams*, 183 F.R.D. at 439; *Stewart v. Associates Consumer Discount Co.*, 1 F. Supp. 2d 469 (E.D. Pa. 1998).

**B.   The Proposed Class Satisfies the Requirements
       of Rule 23(a)  of the Federal Rules of Civil Procedure**

Rule 23(a) establishes four prerequisites for the maintenance of a class action:

(1)  The class is so numerous that joinder of all members is impracticable;
(2)  There are questions of law or fact common to the class;
(3)  The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)  The representative parties will fairly and adequately protect the interests of the class.

This action should be certified as a class action because, as discussed below, all of the requirements of Rule 23(a) have been met.

### 1. **The Class is so numerous that joinder of all members is impracticable**

Rule 23(a)(1) does not require that joinder be impossible; rather, joinder of all members is impracticable when the procedure would be "inefficient, costly, time-consuming, and probably confusing." *Ardrey v. Federal Kemper Ins. Co.,* 142 F.R.D. 105, 111 (E.D. Pa. 1992). This Court may make " a common sense determination" in order to support the finding of numerosity. *Maldonado v. Houston*, 177 F.R.D. 311, 319 (E.D. Pa. 1997). There is no precise number necessary for class certification. *Anderson v. Department of Public Welfare*, 1 F. Supp.2d 456, 461 (E.D. Pa. 1998) (quoting *Metts v. Houstoun*, 1997 WL 688804, at *2 (E.D. Pa. Oct. 24, 1997). In applying this rule, it has consistently been held that joinder is impracticable where the class is composed of hundreds of potential claimants; indeed, impracticability of joinder has often been found where the class is composed of less than 100 members.[2]

The members of the Class here were recipients of standardized form collection and dunning letters from Defendant, probably numbering in the thousands. *See, e.g., Tenuto v. Transworld Systems, Inc.,* 2000 WL 1470213, *2 (E.D. Pa. Sept. 29, 2000) (83,000 collection letters sent to Pennsylvania consumers during applicable time period). As to the exact number of

---

[2]  *See e.g., Eisenberg v, Gagnon*, 766 F.2d 770, 785-86 (3d Cir. 1985) (90 class members meets numerosity requirement); *Weiss v. York Hospital*, 745 F.2d 786, 808 (3d Cir. 1984) (92 class members meets numerosity requirement); *Zeffiro v. First Pennsylvania Banking & Trust Co*., 96 F.R.D. 567, 569 (E.D. Pa. 1983) (51 class members sufficient); *Philadelphia Electric Co. v. Anaconda American Brass Co*., 43 F.R.D. 452 (E.D. Pa. 1968) (certification of class with 25 members). Professor Newberg maintains that at 40 members, a presumption of numerosity should arise, without regard to other considerations. *Newberg*, § 3:05 at 3-25 (3d ed. 1995).

Class members, Defendant possesses documents, which will establish that figure. In fact, it is not expected that NCO will dispute numerosity. NCO collects consumer debt on a national basis, and regularly sends form collection letters to thousands of consumers. *See In re NCO Financial Systems, Inc. Debt Collection Litigation*, MDL Docket No.1353 (E.D. Pa. July 23, 2001) (preliminarily approving class action settlement where NCO admitted to sending form collection letters to over 36,000 individuals).

Clearly, it is impractical and unnecessary to individually join all class members when all of their rights may be determined through a single proceeding. Accordingly, it is indisputable that the numerosity requirement is easily satisfied as to the Class.

    **2.**    **There are questions of law and fact common to the Class**

A common question is "one which arises from a 'common nucleus of operative facts' regardless of whether 'the underlying facts fluctuate over the class period and vary as to individual claimants.'" *In re Orthopedic Bone Screw Products Liability Litig.*, 176 F.R.D. 158, 174 (E.D. Pa. 1997). All class members need not share identical claims; "factual differences among the claims of the putative class members do not defeat certification." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d. Cir. 1994). Indeed, a single common question is sufficient to satisfy the requirements of Rule 23(a)(2). *Prudential*, 148 F.3d at 310, quoting *Baby Neal v. Casey*, 43 F.3d at 56; *Anderson*, 1 F. Supp.2d at 461 (same). Courts have typically found a common nucleus of operative facts where, as in the present action, the defendant engaged in standardized conduct toward putative class members. *Prudential*, 148 F.3d at 309-310 (Prudential's orchestrated sales presentations, the plaintiffs' common legal theories, Prudential's common defenses, and other common issues undoubtedly satisfy the commonality and predominance requirements); *Sanneman v. Chrysler Corporation*, 191 F.R.D. 441, 446-447 (E.D. Pa. 2000),

relying upon *Califano v. Yamasaki*, 442 U.S. 682 (1979) ("commonality exists where proposed class members challenge the same conduct of the defendants"). Courts generally find a wide variety of claims may be established by common proof in cases involving similar form documents or standardized procedures or practices. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) (class certified on behalf of all Colorado residents who received standard form debt collection letters); *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109 (E.D. Pa. 2002); *Schilling v. Let's Talk Cellular and Wireless*, 2002 WL 391695 (E.D. Pa. Feb. 6, 2002)); *Wilborn v. Dun & Bradstreet Corporation*, 180 F.R.D. 347 (N.D. Ill. 1998) (class certified regarding form collection letter).

This action is appropriate for class certification because, as set forth in the Complaint, there are questions of fact and law common to the Class. The principal question is whether Defendant violated the FDCPA by sending letters or written communications substantially in the form of the Letters to the consumers during the applicable time period. Similar FDCPA class actions were recently certified by this Court in *Oslan* and in *Schilling*, where the FDCPA claims also centered on form collection letters. *Oslan*, 206 F.R.D. at 111-12; *Schilling*, 2002 WL 391695. *See also Tenuto, supra*, at *2 (court held that where the plaintiff "relies on the same legal predicate and the same facts about the letter and defendant's collection practices as would the proposes class, … [t]his is sufficient to show commonality").

Each member of the proposed Class is a victim of Defendant's improper debt collection activity and was victimized by the same or substantially similar unfair and deceptive conduct. Accordingly, given the presence of common questions, it is indisputable that Rule 23(a)(2)'s requirement for the existence of common questions of fact or law is satisfied.

    **3.**    **The claims of the representative party are typical**

**of the claims of the Class**

Rule 23(a)(3) requires that the claims of the class representatives be "typical of the claims . . . of the class." Fed.R.Civ.P. 23(a)(3). Rule 23(a)(3) and the adequacy of representation requirement set forth in subsection (a)(4) are designed to assure that the interests of unnamed class members will be adequately protected by the named class representatives. *See, e.g., General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir. 1977). "The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *Prudential*, 148 F.3d at 311.

The threshold for establishing typicality is low. Typicality does not require that the claims of the class members be identical. *Eisenberg*, 766 F.2d at 786. "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be <u>common</u> to the class . . ." *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (emphasis in original). The measure of whether a plaintiff's claims are typical is whether the nature of plaintiff's claims, judged from both a factual and a legal perspective, are such that in litigating his personal claims he can reasonably be expected to advance the interest of absent class members. *See, e.g., Falcon*, 457 U.S. at 156-157; *Weiss*, 745 F.2d at 809-10 n. 36; *Scott v. University of Delaware*, 601 F.2d 76, 84 (3d Cir). Under a frequently employed formulation, typicality is demonstrated where the plaintiff can "show that the issues of law or fact he or she shares in common with the class occupy the same degree of centrality to his or her claims as to those of unnamed class members." *See Weiss*, 745 F.2d at 809-10 n. 36 (citing *Donaldson v. Pillsbury*, 554 F.2d 825 (8th Cir.), *cert. denied*, 434 U.S. 856 (1977)).

Where, as here, the Plaintiff alleges a common pattern of wrongdoing, and will present the same evidence (based on the same legal theories) to support both her claims and the claims of the Class members, courts have held the typicality requirement to be satisfied, notwithstanding factual variances in the position of each class member. As held by the Third Circuit in *Prudential*, where the named plaintiffs, as well as members of the proposed class, all have overarching claims arising from the same fraudulent scheme, the typicality requirement is satisfied regardless of whether different facts underlie each class member's claim. *Prudential*, 148 F.3d at 311-312. Typicality is even more easily satisfied in a debt collection case such as the one at bar because the claims are based on the nature of the form Letters. *Keele v. Wexler, supra* (class certified on behalf of all Colorado residents who received debt collection letters from defendant seeking collection fee); *Oslan, supra* (class certified regarding form letter that allegedly incorrectly represented time period that debt would be reported to credit reporting agencies); *Schilling, supra* (class certified regarding form collection letter that allegedly sought excessive collection fees); *Wilborn v. Dun & Bradstreet Corporation, supra* (class certified regarding form collection letter that allegedly overshadowed and contradicted required validation notice). The issue whether a form collection letter violates the law has repeatedly been held to be a common question that satisfies the Rule 23(a)(2) requirement:

> At issue is whether Defendant's debt collection letters, which are admittedly form letters, contradict or "overshadow" the FDCPA's required 30-day notice and whether they fail to contain the requisite warning for initial communications that the letter was sent in an effort to collect a debt, and that all information obtained would be used to that end. These issues are shared by all class members, and are well-suited to disposal by class action.

*Woodard v. Online Information Services*, 191 F.R.D. 502, 505 (E.D.N.C. 2000) (certifying class action and entering summary judgment for class on "overshadowing" claim). The *Woodard* court cited to ten cases from different jurisdictions where classes were certified for claims quite

11

similar to that raised in this case. *Woodard*, 191 F.R.D. at 506, n.5. Where, as here, the named plaintiff shares at least one question of law or fact with the prospective class, commonality is satisfied. *Baby Neal v. Casey*, 43 F.3d 48, 56-58 (3d Cir. 1994).

The representative Plaintiff is a typical victim of Defendant's improper collection practices. Plaintiff's claims arise out of the same course of conduct, *i.e.*, the use of form collection letters, and are based on the same legal theories as those of the Class members. The essence of each putative Class member's claim is precisely the same. Accordingly, the common issues necessarily share "the same degree of centrality," *Weiss*, 745 F.2d at 809-10 n. 36, to the named representatives' claims such that in litigating the liability issues, the representative Plaintiff can reasonably be expected to advance the interests of all Class members toward a favorable determination with respect to each such issue. The claims of the representative Plaintiff are typical of the claims of the Class.

   **4. The Plaintiff will fairly and adequately protect
       the interests of the Class**

The requirement of Rule 23(a)(4) is met if it appears that (1) a plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation and (2) a plaintiff's interests are not antagonistic to those of the class she seeks to represent. *See, e.g., Prudential*, 148 F.3d at 312; *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir1982). The existence of the elements of adequate representation are presumed and the burden is on the defendant to demonstrate that the representation will be inadequate. *Lewis*, 671 F.2d at 788.

Both prongs of the "adequacy" test are met here. First, Plaintiff has retained counsel highly experienced in class action litigation to prosecute her claims and those of the Class. *See Saunders v. Berks Credit & Collections, Inc.*, 2002 WL 1497374, *15 (E.D. Pa. July 11, 2002) ("Counsel are able and experienced class action litigators"); *Oslan, supra* (appointing Plaintiff's

12

counsel as class counsel in debt collection class action); *Schilling, supra* (same); *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461 (E.D. Pa. 2000) (same); *Smith v. First Union Mortgage Corp.*, 1999 WL 947398 (E.D. Pa. August 23, 1999) (same). Second, there is nothing to suggest that the representative Plaintiff has any interest antagonistic to the vigorous pursuit of the Class claims against the Defendant.[3] Plaintiff shares with the Class the interest in establishing that the Defendant's collection tactics violate the law. Accordingly, the representative Plaintiff adequately represents the interests of the Class.

**C.**     **The Conditions of Rule 23(b)(2) and (3) Have Been Met**

In addition to meeting the prerequisites of Rule 23(a), an action must satisfy at least one of the three conditions of subdivision (b) of Rule 23. Plaintiff proceeds here under Rule 23(b)(2) and (3) which provide in pertinent part:

> (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * *
>
> (2)     the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3)     the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . .

Fed. R. Civ. P. 23(b)(2), (3).

This action qualifies as a class action under Rule 23(b)(2) because the Defendant's sending of the Letters is an action of general applicability to all members of the Class. *Oslan*,

---

[3]     Because of the difficulty in proving the negative, it is Defendant's burden to prove any antagonism. See *Lewis*, 671 F.2d at 788.

206 F.R.D. at 112; *Woodard v. Online Information Services*, 191 F.R.D. 502, 506-07 (E.D.N.C. 2000); *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. at 562; *Young v. Meyer & Njus, P.A.*, 183 F.R.D. 231, 234-35 (N.D. Ill. 1998); *Gammon v GC Svcs. Ltd. Partnership*, 162 F.R.D. 313, 319-22 (N.D. Ill. 1995).

This action also qualifies for certification under Rule 23(b)(3).[4]  As discussed above, there are numerous questions of law and fact common to the Class.  Once common questions of liability are resolved, all that remains is the mechanical act of computing the amount of damages suffered by each Class member.  *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

Plaintiff has alleged a uniform practice and policy conducted by the Defendant against Plaintiff and the Class members.  Accordingly, the issues of law and fact, which flow from Defendant's uniform activity, predominate over any individual issue.  Common issues predominate over individual issues where plaintiffs have alleged a common course of conduct on the part of a defendant.  *Prudential*, 148 F.3d at 314-315.

In addition to finding the predominance of common questions, Rule 23(b)(3) also requires that the Court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  It has been widely recognized that a class action is superior to other available methods -- particularly, individual lawsuits -- for the fair and efficient adjudication of a suit that affects a large number of persons injured by violations of consumer protection laws or common law.  *Prudential,* 148 F.3d at 316.  Consumer class actions such as the case at bar easily satisfy the superiority requirement of Rule 23.  *See Lake v. First*

---

[4]  Courts have often certified classes for the purposes of both equitable relief and damages.  *Oslan*, 206 F.R.D. at 112; *Crempan v. Automobile Club*, 22 FEP Cas (BNA) 180 (E.D. Mich. May 19, 1977) (in employment discrimination case, (b)(2) class certified for injunctive relief and (b)(3) class certified for back pay); *see also Williams v. Empire Funding Corp*, 183 F.R.D. 428, 436, n.14 (E.D. Pa. 1998).

*Nationwide Bank*, 156 F.R.D. 615, 626 (E.D. Pa. 1994) (public interest in seeing that rights of consumers are vindicated favors disposition of claims in a class action).

Defendant has violated the rights of large number of geographically dispersed persons to such an extent that the cost of pursuing individual litigation to seek recovery against a well-financed adversary is not feasible. Thus, the alternatives to a class action are either no recourse for thousands of injured consumers, or even in the unlikely event that they all become aware of their rights and could locate counsel, a multiplicity of scattered suits resulting in the inefficient administration of litigation. Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of this matter.

There is no question but that this class action would be easily manageable. This case presents no manageability difficulties that would preclude class certification.

## IV.  CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion for an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed Class of individuals defined herein, and certifying Plaintiff Thomasina Lane as a proper representative of the Class.

Respectfully submitted,

**DONOVAN SEARLES, LLC**

Dated: August 1, 2002

By: _____
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A Francis
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class