UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMASINA LANE**, on behalf of herself and all others similarly situated, 3912 N. Sixteenth Street Philadelphia, PA 19140 | : : : : : : | **No. 02-CV-2997** |
| Plaintiff, vs. | : : : : | |
| **NCO FINANCIAL SYSTEMS, INC.**, 507 Prudential Road Horsham, PA 19044 | : : : : | **NOTICE OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56** |
| Defendant. | : : | |

### NOTICE OF MOTION

Pursuant to Local Rule 7.1 of the United States District Court for the Eastern District of Pennsylvania and Rule 56 of the Federal Rule of Civil Procedure, Defendant, NCO Financial Systems, Inc., has filed a Motion for Summary Judgment with accompanying Order and Memorandum of Law with the Court on August ___, 2002. You are required to respond to said Motion within fourteen (14) days after service by U.S. mail, which would be August 05, 2002. Your failure to timely respond may result in this Motion being treated as uncontested under Local Rule 7.1(b).

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
BUTLER BUCHANAN, III, ESQUIRE,
ANDREW M. SCHWARTZ
Attorneys for Defendant,
NCO Financial Systems, Inc.

Date: August 5, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMASINA LANE**, on behalf of herself and all others similarly situated, 3912 N. Sixteenth Street Philadelphia, PA 19140 | : : : : : : | **No. 02-CV-2997** |
| Plaintiff, vs. | : : : : | |
| **NCO FINANCIAL SYSTEMS, INC.,** 507 Prudential Road Horsham, PA 19044 | : : : : : | **ORDER** |
| Defendant. | : : | |

**O R D E R**

AND NOW, this         day of                    2002, upon consideration of Defendant's Motion for Summary Judgment pursuant to Local Rules 7.1, and Fed. R. Civ. P 56(c), and any response thereto, it is hereby:

ORDERED AND DECREED that said Motion for Summary Judgment is GRANTED in favor of Defendant, NCO Financial Systems, Inc. and against Plaintiff, Thomasina Lane, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

AND, pursuant to 15 U.S.C.§1692k(a)(3), it is ORDERED AND DECREED that Plaintiff pay reasonable attorneys fees and costs to Defendant NCO Financial Systems, Inc., for bringing a claim in bad faith.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMASINA LANE**, on behalf of herself and all others similarly situated, 3912 N. Sixteenth Street Philadelphia, PA 19140 | : : : : : : | **No. 02-CV-2997** |
| Plaintiff, vs. | : : : : | **STATEMENT OF FACTS IN SUPPORT OF DEFENDANT NCO FINANCIAL SYSTEMS' MOTION FOR SUMMARY JUDGEMENT** |
| **NCO FINANCIAL SYSTEMS, INC.**, 507 Prudential Road Horsham, PA 19044 | : : : : | |
| Defendant. | : : | |

**STATEMENT OF FACTS IN SUPPORT OF DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(c)**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, NCO Financial Systems, Inc., (hereafter "NCO"), by and through its undersigned counsel, hereby moves for summary judgment of the claims presented by Plaintiff, Thomasina Lane, in her Complaint, and in support thereof states as follows:

1. NCO is a debt collection company with its principal place of business at 507 Prudential Road in Horsham, PA 19044.

2. Plaintiff, Thomasina Lane, is an individual residing at 3912 North Sixteenth Street in Philadelphia, Pennsylvania.

3. Plaintiff incurred certain debts that were allegedly left unpaid to Bank One and those debts were referred NCO for collection

2

4. NCO is a "debt collector" as defined by section 1692a(6) of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, (hereafter "FDCPA").

5. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

6. On or about May 20, 2002, Plaintiff filed a Complaint alleging that NCO violated the FDCPA, under section 1692e and 1692c(5). (See paragraph 27 of the Complaint, attached hereto as Exhibit "A").

7. On November 6, 2001, NCO forwarded a letter, (hereafter "the November letter"), to plaintiff in an attempt to collect the debt by offering the plaintiff an opportunity to make a lump sum payment constituting half of the $7381.11 debt owed to Bank One. The November letter provides that the Plaintiff has thirty-days to accept this offer. (See copy of the November 6, 2001 letter from NCO to Plaintiff, attached hereto as Exhibit "B").

8. Plaintiff made no attempt to cure her outstanding debt under the terms proposed in the November letter and the thirty-day window to accept the offer presented in the November letter expired.

9. Plaintiff claims that the November 6, 2002 letter threatened to take action that NCO never intended to take. (See paragraph 28(a) of the Complaint, attached hereto as Exhibit "A").

10. Plaintiff avers that NCO used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt. (See paragraph 28(b) of the Complaint, attached hereto as Exhibit "A").

11. In Plaintiff's attempt to show a violation of the FDCPA, plaintiff cites to a second letter from NCO to the plaintiff, dated February 10, 2002, (hereafter "the February letter"). (See copy of the February 10, 2002 letter from NCO to plaintiff, attached hereto as Exhibit "C").

12. On February 10, 2002, NCO sent a second letter to plaintiff offering to settle the outstanding debt if plaintiff paid half of the $7504.67 debt. This letter gave the plaintiff the opportunity to pay this settlement amount in up to six (6) monthly payments. (See copy of the February 10, 2002 letter from NCO to plaintiff, attached hereto as Exhibit "C").

13. The February letter is a second attempt by NCO to settle the valid debt owed by the plaintiff.

14. The February letter limited the time frame for acceptance of the settlement offer to thirty days.

15. Plaintiff did not take advantage of NCO's second offer to settle her outstanding debt owed to Bank One.

16. The November letter does not contain provisions that would cause a reasonable, least sophisticated consumer to believe that the November offer to settle was a final offer. (See copy of the November 6, 2001 letter from NCO to plaintiff, attached hereto as Exhibit "B" and see copy of the February 10, 2002 letter from NCO to plaintiff, attached hereto as Exhibit "C").

17. The February letter proposes a settlement offer that is distinctly different from the first attempt to resolve the valid debt owed by plaintiff. The February letter

provides the plaintiff with up to six months to pay off half of her outstanding debt. (See copy of the February 10, 2002 letter from NCO to plaintiff, attached hereto as Exhibit "C").

18. The two letters full comply with the requirements set out in the FDCPA.

19. Plaintiff wholly fails to state a claim upon which relief could be granted.

20. Plaintiff fails to offer any facts upon which to base an FDCPA violation arising from the November and February letters.

21. Neither of the two letters drafted by NCO contain a threat to undertake an action that NCO did not intend to take, nor are they false, deceptive, misleading and unfair or unconscionable attempts to collect plaintiff's outstanding debt.

WHEREFORE, Defendant, NCO Financial Systems, Inc., respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _____
Butler Buchanan, III, Esq.
Andrew M. Schwartz, Esq.
1845 Walnut Street
Philadelphia, Pennsylvania 19103
215-575-2661/2765

Of Counsel:

David Israel, Esquire (#7174)
SESSIONS, FISHMAN & NATHAN, L.L.P.
201 St. Charles Ave., Suite 3500
New Orleans, Louisiana 70170-3500
504/582-1500

5

Brian D. Roth, Esquire (# 22148)
SESSIONS, FISHMAN & NATHAN, L.L.P.
125 St. Ann Drive, Suite A
Mandeville, Louisiana 70471-3219
985/626-1144

Attorneys for Defendant,
NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMASINA LANE**, on behalf of herself and all others similarly situated, 3912 N. Sixteenth Street Philadelphia, PA 19140<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., 507 Prudential Road Horsham, PA 19044<br><br>Defendant. | **No. 02-CV-2997**<br><br><br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NCO FINANCIAL SYSTEMS' MOTION FOR SUMMARY JUDGEMENT** |

**NCO FINANCIAL SYSTEMS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

AND NOW NCO Financial Systems, Inc. (hereafter "NCO"), by and through its attorneys, and pursuant to Federal Rules of Civil Procedure, Rule 56, submits the following Memorandum of Law in Support of its Motion for Summary Judgment:

**STATEMENT OF FACTS**

NCO Financial Systems, Inc., (hereafter "NCO") engages in the business of the collection of debts and is a "debt collector" as defined by the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692a(6). On or about March 17, 1993, NCO was retained by Bank One to seek collection of the outstanding debt owed by plaintiff. Over the years, NCO made attempts to collect the valid debt owed by the plaintiff but these endeavors proved unsuccessful. On November 6, 2001, NCO mailed out a letter providing plaintiff with an opportunity to resolve her outstanding debt to Bank One.

7

Aside from the requisite "mini-Miranda" information, the critical content of the November letter is:

* * SETTLEMENT OFFER * * *

> We have been authorized by the above referenced client to accept $3,690.55 as a lump sum of the above amount as long as payment is received within 30 days of the date of this letter.
>
> Make your check or money order payable to our client, and forward to the address listed below.
>
> If you have any further questions or need assistance, please contact us at 1 800 685 4343.[1]

The plaintiff speculates that the "least sophisticated consumer" would somehow interpret the November letter to mean that if a payment of the settlement offer was not tendered within a 30-day period, all attempts to settle the outstanding debt would be cut-off. (*See* ¶ 10 of the Complaint, attached as Exhibit "A"). NCO contends that the pleadings and the content of the November letter provide no basis for plaintiff's conclusions. While the least sophisticated consumer standard is expansive, it is not all-inclusive. Rather than analyzing the content of the November letter, the plaintiff makes a blanket assertion that if the plaintiff did not pay the settlement offer, the November letter contains a threat to bar future payment of the outstanding debt. The November letter simply indicates that under the terms in the letter the settlement offer was available to the plaintiff for 30 days. (*See* Exhibit "B," attached). Plaintiff failed to make the payment on her outstanding debt within the 30-day period and the settlement

---

[1] The balance past due as of November 6, 2001, was $7,381.11. The debt continues to accrue interest, and the February letter settlement offer required a 50% payment on a slightly higher balance, albeit over a 6-month pay-out.

8

offer lapsed. In February 2002, a second letter was issued a distinct, second offer to settle. The February Letter (attached as Exhibit "C"), provided, in pertinent part:

> You can pay 50% of the above balance in up to 6 monthly payments.
>
> Please call us within 30 days of the date of this letter to make arrangements. [2]

The February letter is a separate and distinct offer by NCO to resolve the outstanding debt owed by the plaintiff. Plaintiff erroneously concludes that the February letter supports the proposition that NCO violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(5). Because Plaintiff failed to address the offer in the November letter within the 30-day window, the February letter conveys a second attempt at resolution. The February letter does not support plaintiff's contentions that the two letters, taken together, provide any showing of a violation under the FDCPA.

Plaintiff also advances a novel argument that the November letter violates 15 U.S.C. §1692e, in that the letter was "false, deceptive, misleading and unfair." (*See* ¶ 10 of the Complaint, attached as Exhibit "A"). According to plaintiff, NCO never intended to "take such action, as evidenced by the fact that the defendant sent the February letter after the expiration of thirty days from the November letter and offered to settle the alleged debt under the same if not better terms as the offer in the November letter." (*See* ¶ 10 of the Complaint.)

In addition to a claim for statutory damages, plaintiff contends she somehow suffered damages as a result of the receipt of the letters including, without limitation, injury to her

---

[2] Although plaintiff alleged "the letters" violated the FDCPA, plaintiff does not take issue with the content of the February letter. Rather, plaintiff offers the February letter as evidence of the alleged FDCPA violation that occurred in the November letter.

9

reputation, damage to her credit, out-of-pocket expenses and physical, emotional and mental pain and anguish and pecuniary losses for an indefinite time into the future.

## ARGUMENT AND CITATION OF AUTHORITY

As set forth below, plaintiff has failed to allege facts sufficient to state a cause of action under the FDCPA.

1. **Standard for Rule 56(c) Motion to Dismiss.**

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

> "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law…"

Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598 (1970). On summary judgment, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348 (1986) However, where the record, taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Id*. at 587; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244-49, 106 S. Ct. 2505 (1986).

The moving party need not produce evidence showing the absence of a genuine issue of material fact, rather, the burden on the moving party may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the moving party discharges

that burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine triable issue. *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 861 (6th Cir. 1986).

There are no material disputes of fact in this case. NCO is entitled to entry of judgment and dismissal of Plaintiff's Complaint as a matter of law.

### 2. **Plaintiff Fails To State A Cause of Action Under The FDCPA.**

While the purpose of the least sophisticated consumer standard is "…to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd," the standard preserves a "quotient of reasonableness and … presum[es] a basic level of understanding" by the consumer. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354-55 (3rd Cir. 2000). The plaintiff's conclusions regarding the content of the November and February letters lack the requisite reasonableness under the least sophisticated consumer standard. First, plaintiff's conclusions that the November letter attempts to frame a non-existent threat by NCO to take some action where NCO lacked the intent to follow through on the threat has no plausible basis in fact. A plain reading of the November letter by a reasonable least sophisticated consumer would not lead the consumer to believe that this was a final offer. Second, even if we agree that the offer in the November letter could only be accepted within thirty days of receipt of the letter, the letter contains no words that would reasonably imply that the letter was intended to be a final attempt to resolve the outstanding debt owed by the plaintiff. The February letter offers a second attempt to collect on the valid debt after plaintiff failed to respond to the November offer. The February letter provides the plaintiff with a six-month

payment option as a means to encourage plaintiff to resolve her outstanding debt. Simply put, there is no violation of the FDCPA where a debt collector offers the debtor multiple opportunities over time to resolve outstanding debt.

Plaintiff alleges a violation of §§ 1692e and 1692e(5). Sections 1692e and 1692e(5) provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this Section:
>
> (5)   The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e and § 1692e(5).

### a. **Plaintiff Cannot State A Viable § 1692e(5) Claim**.

In order to state a claim under § 1692e(5), a consumer must sufficiently allege that a debt collector (1) threatened action, which (2) was not intended to be taken. *Tsenes v. Trans-Continental Credit and Collection Corp.*, 892 F.Supp. 461, 464 (E.D.N.Y. 1995) (citing 15 U.S.C. § 1692e(5); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir.1993)). *See Arellano v. Etan Industries, Inc.,* 1998 WL 911729, *3 (N.D.Ill. 1998) (courts employ a two-step test to determine whether language in a notice violates § 1692e(5): (1) whether the language constitutes a threat; and (2) whether the threatened action is or is not intended to be taken); *Wright v. Asset Acceptance Corp.*, 2000 WL 33216031, *1 (S.D.Ohio 2000) (a claim under § 1692e(5) has two elements: (1) a threat to take legal action; and (2) the inability to take that action lawfully); *United States v. National Financial Services, Inc.,* 820 F.Supp. 228, *232 (D. Md. 1993) (citing

12

*Jeter v. Credit Bureau,* 760 F.2d 1168, 1176 (11th Cir.1985); *United States v. ACB Sales & Service, Inc.,* 590 F.Supp. 561, 570 (D.Ariz.1984); *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1226-27 (9th Cir.1988) (there are two steps in determining whether a violation of 1692e(5) has occurred: (1) the language of the notice must be evaluated to determine what action is threatened; and (2) it must be determined whether the debt collector who sent the notice intended to take the threatened action)).[3]

For a document to violate § 1692e(5), it must first threaten to take an action. Whether a document is threatening in nature is determined by whether it is informational, or whether it contains an outright threat, and how the least sophisticated debtor would construe it. *See Campion v. Credit Bureau Services, Inc.*, 2000 WL 33255504, *9 (E.D.Wash. 2000). *See Herbert v. Wexler & Wexler*, 1995 WL 535107, *2 (N.D.Ill. 1995) (even when viewed through the eyes of an unsophisticated consumer, a letter informing a debtor that the collector is aware that the debtor is employed and capable of paying the debt, does not implicitly, let alone explicitly, threaten communication with debtor's employer)*; Veillard v. Mednick,* 24 F.Supp.2d 863, 867 (N.D. Ill. 1998) (as a matter of law the mere inference that legal action could be taken because a letter is on law firm letterhead is not enough for § 1692e(5) purposes).

In *Wade v. Regional Credit Ass'n* , 87 F.3d 1098 (9th Cir. 1996), the court considered a letter, the body of was which informational, notifying the debtor that

---

[3]    The vast majority of § 1692e(5) suits involve the expressed or implied threat of a lawsuit or legal action. See *Combs. v. Direct Marketing Credit Services, Inc.*, 165 F.3d 31, 1998 WL 911691, **2 (7th Cir. 1998) (for a collection notice impermissibly to threaten legal action under § 1692e(5), it must falsely "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made"); *Bezpalko v. Gilfillan, Gilpin & Brehman*, 1998 WL 321268, *5 (E.D.Pa. 1998); *Dutton v. Wolhar*, 809 F.Supp. 1130, 1137 (D. Del. 1992); *Irwin v. Mascot*, 112 F.Supp.2d 937, 952 (N.D. Cal. 2000).

failure to pay could adversely affect her credit reputation. The *Wade* Court found that there was no threat contained within the letter and the least sophisticated debtor would construe the notice as a prudential reminder, not as a threat to take action. *Id*. at 1100.

In *Wiegand v. JNR Adjustment Co., Inc.*, 2002 WL 724456, *5 (D.Minn. 2002), plaintiffs asserted that the collector's statement in the "Important Notice" section that plaintiffs would be liable for a civil penalty after 30 days of nonpayment constituted a threat to take an illegal action. The court opined that the argument was "a silly stretch of the law well beyond its intent." The "Important Notice" section did not constitute a "threat" to engage in illegal debt collection practice. In finding no violation, the court noted that plaintiffs' attempt to fit an alleged violation of the technical overlapping requirements of various sections of the FDCPA into the category of unconscionable debt collection practices was antithetical to the remedial purposes of the Act.

Research revealed no cases in which courts have considered an alleged § 1692e(5) violation in the context of a settlement offer, but the analysis must remain the same in any context - there must first be a threat of some action in order to state a § 1692e(5) claim. The November 2001 Letter contains no express or implied threat to take legal action. In fact, the November 2001 Letter contains no threats at all. It simply conveys a settlement offer, that in order to be accepted, payment must be received in 30 days. As a matter of law, the letters cannot give rise to a claim under §1692e(5).

**b**. **Plaintiff Cannot State A Viable §1692e Claim**.

Plaintiff attempts to overlap the § 1692e(5) claim with the general § 1692e provision that prohibits the use of any false, deceptive, or misleading representation or

14

means when collecting a debt. Because plaintiff cannot state a § 1692e(5) claim, the § 1692e claim fails as well to the extent it is predicated on the alleged § 1692e(5) violation. To the extent plaintiff has alleged a separate § 1692e claim, it is equally baseless. On its face, the November 2001 Letter contains no representations that are false, deceptive, or misleading. The only purpose of the November letter is to make a bona fide attempt to collect a debt through an offer to settle for half the debt owed, provided that payment is received within 30 days from the date of the November letter. Although plaintiff does not contend that the offer was accepted, NCO and its client would have been bound had plaintiff made payment within the offer period.

The November letter contains no language stating, much less implying, that the offer was a "one time only" offer. The November letter does not threaten any action or ultimatum. Nevertheless, plaintiff persists in contending that the November letter was false, deceptive, misleading and unfair in that the "least sophisticated consumer" would interpret the letter to mean that if the offer was not accepted, it would permanently expire, "and future payments of that amount would not satisfy the alleged debt." (*See* ¶ 10 of the Complaint, Exhibit "A").

Plaintiff's attempt to plead an FDCPA violation relies on the dubious assumption that the least sophisticated consumer can be misled and deceived by non-existent threats and ultimatums propagated only in the mind of the debtor. Even if the nonsensical theory advanced by the plaintiff would be enough to overcome the reasonable limits of the least sophisticated consumer standard, which it does not, plaintiff fails allege that she personally was deceived or misled.

15

If the Court accepts plaintiff's theory of liability, a debt collector could only avoid liability when attempting to compromise a debt in one of three ways: (1) never offer to settle a debt; (2) in the event an offer is made and *not* accepted, never again offer to settle the debt on the same or better terms for the debtor; or (3) include the following language on every settlement offer: "If you do no accept this offer, we will make another one at a later date on the same or perhaps better terms." In other words, under the theory of liability advanced by plaintiff, collectors could never engage in settlement <u>negotiations</u> in their attempt to collect at least a portion of a lawful debt. Without knowledge of the debtor's particular circumstances, which change and evolve over time, a collector would be obligated to present his best possible settlement offer from the outset, open-ended no less, depriving the collector of its right to attempt to negotiate the best possible payment on a lawful debt in the shortest period of time. The FDCPA does not contemplate such restrictions, nor can even the most liberal reading of § 1692e create liability under the circumstances in this case. It is absurd to suggest that the FDCPA prohibits a creditor from making a simple, unfettered settlement offer in an attempt to elicit payment, substantially reduced at that, on a lawful debt within a 30-day period. Accepting plaintiff's arguments would cast serious question on what, if anything, a creditor could offer in its attempt to collect a lawful debt. The FDCPA does not contemplate such restrictions on settlement negotiations, nor can even the most liberal reading of § 1692e create liability under the circumstances in this case. There is nothing improper or actionable with respect to the letters. The claim should be dismissed.

c. **<u>Plaintiff Is Liable To NCO For Attorney's Fees</u>**.

Plaintiff's theory of liability and allegations of actual damages are frivolous, as to suggest bad faith.[4]  This is particularly true since plaintiff brings this matter as a class action.  In relevant part, §1692k(a)(3) provides:

> On a finding by the court that an action under this Section was brought in bad faith and for purpose of harassment, the court may award the defendant's attorney's fees reasonable in relation to the work expended and costs.

NCO requests this Court determine that the instant lawsuit was brought in bad faith and allow NCO the recovery of attorney's fees and costs.  *See Ayers v. National Credit Management* Corp., 1991 U.S. Dist. LEXIS 5629, 15-17 (E.D. Pa. Apr. 24, 1991) (citing *Hardin v. Folger*, 704 F.Supp, 355, 356-57 (W.D.N.Y. 1988)) (the proper mechanism for seeking attorney's fees for a bad faith claim under §1692k(a)(3) is a motion for fees after determination by the court of fad faith – a counterclaim for fees is improper).  The claims asserted by the plaintiff are entirely frivolous and NCO is entitled to a recovery of reasonable attorney's fees and costs.

## **<u>CONCLUSION</u>**

Defendant NCO Financial Systems, Inc.'s Motion for Summary Judgment should be granted. Pursuant to Fed. R. Civ. P. 56, plaintiff's Complaint should be dismissed, with prejudice.  Even accepting as true the plaintiff's allegations, plaintiff cannot state a cause of action against NCO upon which relief can be granted through the use of the two letters attached to the Complaint.  Furthermore, NCO moves this Court to find the lawsuit was brought in bad faith and for the purpose of harassment.

17

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By: _____
Butler Buchanan, III, Esq.
Andrew M. Schwartz, Esq.
1845 Walnut Street
Philadelphia, Pennsylvania 19103
215-575-2661/2765

Of Counsel:
David Israel, Esquire (#7174)
SESSIONS, FISHMAN & NATHAN, L.L.P.
201 St. Charles Ave., Suite 3500
New Orleans, Louisiana 70170-3500
504/582-1500

Brian D. Roth, Esquire (# 22148)
SESSIONS, FISHMAN & NATHAN, L.L.P.
125 St. Ann Drive, Suite A
Mandeville, Louisiana 70471-3219
985/626-1144

Attorneys for Defendant,
NCO Financial Systems, Inc.

---

[4]  Plaintiff further describes NCO's actions as done with "malicious, intentional, willful, reckless, wanton and negligent disregard for plaintiff's rights . . . .  Complaint at ¶ 29.